IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE BOWDEN, CLAUDIA BROWN, VALERIE BOWDEN-STOWE, DEBORAH K. EBNER, as trustee, <br><br> Plaintiffs <br><br> v. <br><br> MURRAY TITLE AGENCY, LLC FOUNDERS BANK and CHICAGO TITLE LAND TRUST COMPANY, as trustee <br><br> Defendants. | Case No. 07 C 3099 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Proposed Findings of Fact and Conclusions of Law from the bankruptcy court with respect to this adversary proceeding. In the bankruptcy court, Defendant Founders Bank ("Founders") moved to dismiss Counts I and II of the Complaint. In the alternative, Founders moved for summary judgment on Counts I and II. Plaintiffs filed a cross-motion for summary judgment on those counts. The bankruptcy judge made the following recommendations: 1) Plaintiffs Nicole Bowden and Claudia Brown should be dismissed for lack of subject matter jurisdiction; 2) Founders' Motion to Dismiss Counts I and II of the Complaint should be granted to the extent that the bankruptcy trustee asserts claims on behalf of the bankruptcy estate; 3) Founders' Motion to Dismiss Counts I and II of the Complaint should be denied to the extent that the bankruptcy trustee asserts claims on behalf of Defendant Chicago Title Land Trust Company; 4) Founders' Motion for Summary Judgment should be granted with respect to Counts I and II; 5) the bankruptcy trustee's Cross-Motion for Summary Judgment should be denied. Founders then filed

1

its Objections to the Proposed Findings of Fact and Conclusions of Law. For the reasons stated, the Court adopts the bankruptcy court's Proposed Findings of Fact and Conclusions of Law. Additionally, the Court overrules Founders' Objections to the Proposed Findings of Fact and Conclusions of Law.

## BACKGROUND

Plaintiffs Nicole Bowden ("Bowden"), Claudia Brown ("Brown") and Valerie Stowe ("Stowe") initially filed suit in state court against a number of parties, including Founders, who may possess an interest in a parcel of real estate located at 4348 West Monroe in Chicago, Illinois ("the property"). Deborah Ebner ("Ebner"), Stowe's bankruptcy trustee, removed the case to the United States District Court for the Northern District of Illinois. The district court then transferred the matter to bankruptcy court on Ebner's motion. There, Ebner substituted as plaintiff in place of Stowe and adopted her filings on behalf of Stowe's bankruptcy estate. Bowden and Brown are alleged to be beneficial owners of the property under a land trust agreement, but their connection to Stowe's bankruptcy case is not apparent from the record.

Stowe and her husband, Ronald Stowe (collectively, "the Stowes"), purchased the property on August 25, 1989. On July 25, 1994, they executed a quit claim deed conveying the property to Defendant Chicago Title Land Trust Company ("Chicago Title") as trustee under the provisions of a land trust agreement. The Cook County Recorder of Deeds recorded the transfer on August 24, 1994. As beneficiaries of the land trust, the Stowes retained: "1) the power to direct the trustee to deal with title to the property; 2) the power to manage, possess, use and control the property; 3) the right to receive earnings, avails and proceeds from leases and other uses and from mortgages, sales and other dispositions of the property." Additionally, the trust agreement entitled them to "have the

2

sole possession, management and control of the selling, renting, repairing, maintaining and handling of the property and the trustee shall have no right or duty in respect to any such matters." The agreement stated that the trustee would not have the obligation to "prosecute or defend any legal proceeding involving this trust of the property unless it shall elect to do so . . . ."

Eventually, the Stowes became interested in selling the property. Through a sales broker, Eugene Williams ("Williams") agreed to purchase the property for $160,000 in March 2002, but the parties dispute whether there was a contract for the sale of the property. Because the Stowes were mere beneficiaries of the land trust they created, they did not hold legal title to the property; Chicago Title did. The Stowes did not inform Williams that the property was subject to a land trust. Nevertheless, they went forward with the closing and Williams received a warranty deed that purported to transfer their interest in the property to Williams. The parties dispute whether the closing documents were forgeries. Since the closing, the Stowes have not been in possession of the property. After the closing, Williams mortgaged the property to Gateway Financial Corporation, who then assigned the note to JP Morgan Chase Bank ("Chase").

On September 23, 2002, the Stowes filed a petition for relief under chapter 7 of the bankruptcy code. On March 4, 2005, the bankruptcy court split Valerie Stowe's case from Ronald's. There is now a dispute between the parties about Ronalds' current whereabouts and whether he is alive.

At some point after he purchased the property from the Stowes, Williams defaulted and Chase initiated a foreclosure action against him. The Cook County Recorder of Deeds recorded a *lis pendens* to give notice of the foreclosure action on October 23, 2002, and it recorded a judicial sale deed to reflect that Chase had obtained title to the foreclosed property on May 25, 2004. Chase

conveyed its interest in the property to Founders on August 19, 2004. Bowden, Brown and Stowe then filed the suit in state court that eventually gave rise to the case now before the Court. Count I of the Complaint seeks to quiet title to the property and Count II is an ejectment action.

Founders moved to dismiss Counts I and II of the Complaint, or, in the alternative for summary judgment on them. Bowden, Brown and Stowe filed a Cross-Motion for Summary Judgment. The bankruptcy court recommended that Bowden and Brown should be dismissed for lack of subject matter jurisdiction, that Founder's Motion to Dismiss be granted in part and that Founder's Motion for summary judgment should be granted. Founders then filed its Objections to the Proposed Findings of Fact and Conclusions of Law, claiming that it is entitled to summary judgment on Chicago Title's claims in Counts I and II. Additionally, Founders contends that Count III should not go forward at this time because it is dependent upon Counts I and II.

## STANDARD OF REVIEW

In proceedings not directly related to matters arising under the bankruptcy code, a bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court. *See* 28 U.S.C. § 157(c)(1). The district court then conducts a *de novo* review of any portion of the bankruptcy judge's proposed findings of fact and conclusions of law to which a party has made a specific written objection. *See id.*; Fed. R. Bank. P. 9033(d). The district court may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions. *See* Fed. R. Bank. P. 9033(d).

**DISCUSSION**

I. Dismissal of Bowden and Brown for Lack of Subject Matter Jurisdiction

The bankruptcy court recommended that subject matter jurisdiction does not exist over the claims of Bowden and Brown. Plaintiffs may bring claims in federal court only if Article III of the Constitution authorizes the action and if Congress has promulgated a statute that enables the courts to hear that type of case. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Federal courts exercise their "related to" jurisdiction when the litigation may affect the amount of property in the bankruptcy estate. *See Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994).

Here, Bowden and Brown brings claims under Illinois law to resolve the dispute surrounding the property's title. Therefore, because the claims do not arise under federal law, the Court will only have subject matter jurisdiction over the claims if they "relate to" Valerie's bankruptcy case. According to the terms of the land trust agreement that Valerie and Ronald created, Bowden and Brown must survive Valerie and Ronald in order for their interests in the property to vest. Additionally, their interests can only vest if the property has not been "previously assigned or otherwise disposed" upon the survivor's death. Under Illinois law, a beneficiary's contingent beneficial interest is not a claim on real property when the current beneficiary may change the contingent beneficiary; instead, the contingent beneficiary holds an expectancy interest. *See Leahy v. Leahy-Schuett*, 570 N.E.2d 407, 411 (Ill. App. Ct. 1991). Because of their status as contingent beneficiaries, Bowden and Brown do not make claims that could affect the value of property inside Valerie's bankruptcy estate. Additionally, as the bankruptcy court noted, the only way that Bowden

and Brown can recover is if Valerie died, in which case the bankruptcy case would terminate. Because Bowden and Brown do not bring claims that could affect the amount of property in Valerie's bankruptcy estate, the claims do not "relate to" the bankruptcy case. Accordingly, with respect to Bowden and Brown, the Court adopts the bankruptcy court's recommendation and dismisses them as plaintiffs for lack of subject matter jurisdiction over their claims.

II. Founders' Motion to Dismiss

The bankruptcy judge recommended that the Court dismiss Counts I and II to the extent that Ebner, as trustee of the bankruptcy estate, brings claims on behalf of the bankruptcy estate. However, the bankruptcy judge recommended that the Court deny the Motion to Dismiss to the extent that Ebner brought the claim on behalf of Chicago Title.

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

In Count I of the Complaint, Ebner seeks to quiet title to the property. A party may bring an action to quiet title in order to resolve a property ownership dispute or to remove a cloud from

6

title to the property. *See Stahelin v. Forest Preserve Dist. of Du Page County*, 877 N.E.2d 1121, 1135 (Ill. App. Ct. 2007). "A plaintiff suing to remove a cloud from title must be in possession of the property . . . unless the property at issue is vacant and undeveloped . . . or other grounds of equitable relief such as mistake or fraud are established." *Lakeview Trust & Sav. Bank v. Estrada*, 480 N.E.2d 1312, 1327 (Ill. App. Ct. 1985) (citations omitted). Additionally, a plaintiff must have legal title to the property in order to bring an action to quiet title. *See id.*; *see also Diaz v. Home Fed. Sav. & Loan Ass'n of Elgin*, 786 N.E.2d 1033, 1039 (Ill. App. Ct. 2002); *Smith v. Malone*, 742 N.E.2d 785, 789 (Ill. App. Ct. 2000). A trustee that holds property pursuant to a land trust holds legal and equitable title to the real estate. *See Heritage County Bank & Trust Co. v. State Bank of Hammond*, 556 N.E.2d 747, 750 (Ill. App. Ct. 1990). In contrast, the beneficiaries to a land trust hold a personal property interest rather than an interest in the legal or equitable title. *See Hoxha v. LaSalle Nat'l Bank*, 847 N.E.2d 725, 730 (Ill. App. Ct. 2006).

In Count II of the Complaint, Ebner seeks ejectment. The purpose of an ejectment action is to obtain possession of land when a question exists as to who holds legal title. *See Dagit v. Childerson*, 63 N.E.2d 706, 707 (Ill. 1945). To state a claim for ejectment, a plaintiff must allege: 1) possession of the premises after obtaining legal title; 2) defendants subsequently took possession of the premises; and 3) defendants are unlawfully witholding possession of the property from the plaintiff. *See Bulatovic v. Dobritchanin*, 625 N.E.2d 26, 31 (Ill. App. Ct. 1993).

Here, the Complaint alleges that the Stowes transferred legal title to Chicago Title in 1994 to establish the land trust. The Complaint also states that Chicago Title "has full legal and equitable title and interest in the property, making Chicago Title the absolute owner of the property." Therefore, the Complaint reveals that Valerie has not held legal title to the property since she

7

became a beneficiary under the land trust agreement in 1994. Additionally, with respect to the quiet title claim, the allegations in the Complaint show that Valerie has not had possession of the property since March 2002. Because the face of the Complaint shows that Valerie does not have possession of the property or legal title to it, she cannot state a claim to quiet title to the property. Similarly, because she does not have legal title to the property, she cannot state a claim for ejectment. Therefore, the Court adopts the bankruptcy court's recommendation and dismisses Counts I and II to the extent that the trustee seeks to quiet title to the property or obtain ejectment on behalf of the bankruptcy estate.

However, to the extent that the bankruptcy trustee brings quiet title and ejectment actions on behalf of Chicago Title, the Complaint alleges that Chicago Title has had legal title to the property since 1994. Additionally, the Complaint alleges an ownership dispute between Chicago Title and Founders; therefore, an action to quiet title is the appropriate mechanism to resolve the cloud surrounding the property's title. Furthermore, the Complaint alleges each of the elements of an action for ejectment. Whether Ebner, the trustee of Valerie's bankruptcy estate, can bring the claims on behalf of Chicago Title is a question that cannot be resolved on the pleadings because the land trust agreement, which was not incorporated into the pleadings, defines the relationship between the land trust trustee and beneficiaries. Accordingly, the Court adopts the bankruptcy court's recommendations and denies Founders' Motion to Dismiss to the extent that the bankruptcy trustee seeks to quiet title to the property or obtain ejectment on behalf of Chicago Title.

II. Cross-Motions for Summary Judgment

The bankruptcy court recommended that the Court grant Founders' Motion for Summary Judgment to the extent that the bankruptcy trustee seeks to bring a claim on behalf of Chicago Title because the trust agreement does not authorize a bankruptcy trustee to act on Chicago Title's behalf.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("'Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.'").

The relationship between the trustee of a land trust and the trust's beneficiaries is defined by the trust agreement. *See Dorman v. Cent. Nat'l Bank in Chicago*, 422 N.E.2d 1019 (Ill. 1981).

9

The trust agreement between the Stowes and Chicago Title provides that "[t]he beneficiaries are not the agents of the trustee for any purpose and do not have any authority to contract or to execute leases or do any other act for or in the name of the trustee or to obligate the trustee personally or as trustee." Therefore, the land trust agreement expressly prohibits the Stowes from acting on behalf of Chicago Title. Because the Stowes cannot act for Chicago Title, neither can Ebner, Valerie's bankruptcy trustee. Therefore, because the undisputed facts show that Stowes and the trustee of her bankruptcy estate are contractually prohibited from bring a claim on behalf of Chicago Title, the Court's accepts the bankruptcy court's recommendation and grants summary judgment in favor of Founders to the extent that Ebner brings claims on behalf of Chicago Title in Counts I and II.

Because the Court granted Founders' Motion for Summary Judgment, Plaintiffs' Cross-Motion for Summary Judgment is denied.

III. Founders' Objections

Once the bankruptcy court issued its Proposed Findings of Fact and Conclusions of Law, Founders filed its Objections. Specifically, Founders objects that the bankruptcy court allowed Counts I, II and III to proceed with Chicago Title as the only plaintiff. Founders claims that the bankruptcy court should have recommended that this Court grant summary judgment with respect to Chicago Title's claims against it. For the reasons stated, Founders' Objections to the Proposed Findings of Fact and Conclusions of Law are overruled.

After Founders initially filed its Motion to Dismiss or in the Alternative, Motion for Summary Judgment, Chicago Title intervened as a plaintiff and adopted the filings of the other plaintiffs. Founders then filed a Supplemental Memorandum in Support of its Motion for Dismissal or Summary Judgment to support its claim that it was entitled to summary judgment even after

Chicago Title intervened. In issuing its Proposed Findings of Fact and Conclusions of Law, the bankruptcy court did not make reference to the arguments contained within Founders' Supplemental Memorandum. When the bankruptcy court recommended that Counts I and II should go forward with Chicago Title as the only plaintiff, Founders filed a Motion to Reconsider. In open court, the bankruptcy court denied the Motion to Reconsider without prejudice to Founders ability to file for summary judgment later in the litigation. The arguments raised in Founders' Motion to Reconsider are now before the Court as Objections to the Proposed Findings of Fact and Conclusions of Law.

Founders first claims that it is entitled to summary judgment against Chicago Title on Counts I and II because the trustee of a land trust cannot state claims to quiet title or for ejectment because possession of the property lies with the beneficiary, not the trustee. While possession of the property is an element of each cause of action, Illinois courts permit the trustee of a land trust to bring causes of action to quiet title and for ejectment. *See, e.g., Knauf v. Ryan*, 788 N.E.2d 805 (Ill. App. Ct. 2003); *Champaign Nat. Bank v. Ill. Power Co.*, 465 N.E.2d 1016 (Ill. App. Ct. 1984). Therefore, Founders is not entitled to summary judgment on Counts I and II on the basis that Chicago Title, in its capacity of trustee, does not have possession of the property at issue.

Founders also claims that it is entitled to summary judgment against Chicago Title on Counts I and II because the trustee of a land trust cannot challenge a beneficiary's conveyance when the beneficiary does not disclose his or her beneficiary status. Because the undisputed facts show that the Stowes did not reveal their status as beneficiaries of the land trust when they purported to transfer title in March 2002, Founders claims that it is entitled to judgment as a matter of law. Under Illinois law, when the trust agreement gives the beneficiary the right to direct the trustee to convey title, the beneficiary may contract to sell the property that is subject to the land trust by explicitly

11

or constructively exercising the power to direct the trustee. *See Hoxha*, 374 N.E.2d at 730-31. To constructively exercise the power, the beneficiary may disclose that the property is held in trust or that she is a beneficiary of a land trust. *See id.* at 731. However, "if a beneficiary of a land trust deals with the property as if no trust existed and contracts as an owner to sell the property, the contract is void as being beyond the beneficiary's power to act." *Nikolopulos v. Balourdos*, 614 N.E.2d 412, 417 (Ill. App. Ct. 1993) (quoting *Jacobs v. Carroll*, 360 N.E.2d 136, 139 (Ill. App. Ct. 1977)).

Here, the undisputed facts show that the Stowes did not reveal their beneficiary status before purporting to convey title to the property in March 2002. Based on the trust agreement, the Stowes did not hold title to the property and they did not have the authority to transfer title without exercising their power to direct the trustee to transfer title. Without an explicit direction or a constructive direction, the Stowes could not have exercised that power. The Stowes did not disclose their status as beneficiaries of the land trust agreement, so they did not constructively exercise that power. To the extent that the Stowes acted as the owners of the property, the transfer would be void as beyond their power to act under the trust agreement. Therefore, Founders is not entitled to judgment as a matter of law based on the fact that the Stowes did not disclose their status as beneficiaries under the land trust prior to the March 2002 conveyance.

Finally, Founders objects that the bankruptcy court recommended for Count III to proceed. Because Count III seeks injunctive relief based on the same legal theories asserted in Counts I and II. Founders claims that because it is entitled to summary judgment on Counts I and II, it should also receive summary judgment with respect to Count III. Because Chicago Title may proceed with respect to its claims in Counts I and II against Founders, it may also proceed with Count III.

## **CONCLUSION AND ORDER**

For the reasons stated, the Court adopts the bankruptcy court's Proposed Findings of Fact and Conclusions of Law and overrules Founders' Objections to the Proposed Findings of Fact and Conclusions of Law. Bowden and Brown are dismissed for lack of subject matter jurisdiction. To the extent that Ebner attempts to state claims on behalf of the bankruptcy estate in Counts I and II, the claims are dismissed for failure to state a claim. To the extent that Ebner attempts to state claims on behalf of Chicago Title in Counts I and II, Founders' Motion for Summary Judgment is granted. Plaintiffs' Cross-Motion for Summary Judgment is denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: June 18, 2009